D. A. MIMS *et al.* v. THE BOARD OF COMMISSIONERS OF FINNEY COUNTY.

No. 64.

PUBLIC PRINTING — *Delinquent Tax-List — Statute Construed.* Paragraph 6957, General Statutes of 1889, provides that every printer who shall publish a delinquent tax-list and notice shall, within 14 days after the last publication thereof, file with the county treasurer an affidavit of such publication, made by a person having knowledge of the fact of publication, but such paragraph does not prescribe any special form for such affidavit; and where a printer, within the time prescribed by the statute, files with the county treasurer a statement of an account for the publication of such list and notice for four consecutive weeks, and attaches thereto a copy of the same, and also makes affidavit of the correctness of said publication and account, he has substantially complied with the provisions of the statute.

MEMORANDUM.— Error from Finney district court; A. J. ABBOTT, judge. Action by D. A. Mims and others against The Board of Commissioners of Finney county upon a claim for public printing. Judgment for defendant. Plaintiffs bring the case to this court. Reversed. The opinion herein, filed March 9, 1896, states the material facts.

. *A. J. Hoskinson,* and *Geo. E. Morgan,* for plaintiffs in error.

*B. F. Stocks,* county attorney, for defendant in error.

The opinion of the court was delivered by

COLE, J. : This was an appeal from the decision of the board of county commissioners of Finney county, Kansas, rejecting a claim of plaintiffs in error for the publication of a delinquent tax-list and notice for the year 1890. The district court sustained the decision of the board of county commissioners rejecting said claim, and from such order and judgment the plaintiffs in error bring the case here for review.

It is conceded that plaintiffs in error published the notice and list in question in accordance with the provisions of the statute, and the ground upon which the claim was rejected was that they had failed to comply with paragraph 6957, General Statutes of 1889, which reads as follows :

" Every printer who shall publish such list and notice shall, immediately after the last publication thereof, transmit to the treasurer of the proper county an affidavit of such publication, made by such person to whom the fact of publication shall be known ; and no printer shall be paid for such publication who shall fail to transmit such affidavit within 14 days after the last publication. . . ."

The record discloses that, within the time prescribed by said paragraph, plaintiffs in error filed with the county treasurer of Finney county a written instrument, of which the following is a copy:

"COUNTY VOUCHER.

"The county of Finney in the state of Kansas, to the Garden City *Imprint*, owned and published by D. A. Mims, E. N. Keep, S. G. Norris, and W. W. Pegg, Dr.

| | |
|---|---:|
| To publishing county treasurer's delinquent-tax-sale notice four times, from August 9, 1890, to include August 30, 1890, in the Garden City *Imprint*, a copy of which paper is filed herewith, marked exhibit "A," and made a part hereof, | $6 92 |
| To 1,348 legal descriptions of lands, at 20c | 337 00 |
| To 2,595 town lots, 10c | 258 50 |
| Total | $603 42 |

"State of Kansas, Finney county, ss. I do solemnly swear that I am S. G. Norris, one of the within-named claimants, and that I have had the means of knowing, personally, the facts herein set forth; that I have given credit to said county for all payments and offsets to which it is entitled; that the charges therein are legal and ordinary charges for such work, dollar for dollar, and that the within account is just and correct, is due and unpaid. So help me God. · S. G. NORRIS.

"Sworn to and subscribed before me, this 12th day of September, A. D. 1890.

[SEAL.] O. V. FOLSOM, *County Clerk.*"

It is contended by plaintiffs in error that the above instrument complies with the provisions of the statute, and it is conceded that it is the only attempt at compliance upon their part. The requirement of the statute is that within 14 days after the last publication, the printer who published the delinquent tax-list and notice shall transmit to the county treasurer an affidavit that he published such list as the statute provides.

The only question in this case is whether the paper filed with the county treasurer complies with the provision of the statute. We are of the opinion that it

does.   A fair construction of the statements made in the written instrument would be that the plaintiffs in error claim that they published in the Garden City *Imprint* four consecutive times the county treasurer's notice and delinquent tax-list, and present an account for such publications at the rates therein set forth; and more particularly to designate the matter printed they attached a copy of a newspaper, which is denominate l·as "Exhibit A," and which is admitted to be a correct copy of the treasurer's notice and the delinquent tax-list of said county for that year.   One of the plaintiffs in error then makes affidavit that he is one of the within-named claimants; that he has had the means of knowing personally the facts set forth; that he has given credit to the county for all payments and offsets to which it is entitled; that the charges are legal charges for such work, and that the within account *is just and correct, is due and unpaid;* that is, S. G. Norris, who makes the affidavit, swears that he knows personally that the notice and delinquent tax list, conceded to be the proper one, was' published in the Garden City *Imprint* four times from August 9, 1890, up to and including August 30, 1890.

The statute prescribes no special form for the affidavit mentioned in paragraph 6957, and to hold that the instrument in question is not a substantial compliance with the provisions of the statute is to sacrifice substance to form.   The object of the statute is that there may be proof on file in the office of the county treasurer that the notice and list in question have been published as provided by law, and that is the only object of the statute.   Suppose the sworn statement filed with the county treasurer in this case had been wilfully false: can it be doubted for a moment that the statement therein made would be a suf-

40—KAN. APP.

ficient basis for a criminal action for perjury against the person making such sworn statement? We think not. He says that plaintiffs in error published the notice and tax-list as required by law, and then swears that the statement is true. This is all that the statute requires.

This view of the case renders it unnecessary for this court to pass upon the question as to whether or not chapter 272, Laws of 1895, being an act to legalize this particular publication and proof, has any force.

The judgment of the district court is reversed, and the cause remanded, with instructions to the district court to render judgment for plaintiffs in error.

All the Judges concurring.